# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BETTY TERRY, Special Administrator )
of the Estate of RONALD TERRY, SR., )
deceased, )
)
        Plaintiff, ) No. 01 C 7826
)
vs. ) JUDGE PALLMEYER
)
CITY OF CHICAGO, a municipal )
corporation, et al. )
)
        Defendant. )

## NOTICE OF FILING

**DOCKETED**
FEB 1 2 2002

To:   J. Ernest Mincy                  Josh M. Enquist
      Assistant Corporation Counsel    Assistant Corporation Counsel
      30 North LaSalle Street           30 North LaSalle Street
      Suite 900                               Suite 900
      Chicago, IL 60602               Chicago, IL 60602

PLEASE TAKE NOTICE that on the 6rd day of February, 2002, the Plaintiff, by and through his attorneys, will file in the United States District Court, Northern District of Illinois, Plaintiff's Second Amended Complaint at Law, a copy of which is attached hereto.

                                  JOSEPH R. CURCIO, LTD.

                        By: _____

JOSEPH R. CURCIO, LTD.
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 321-1111
Attorney No. 02485

**FILED**
FEB 0 6 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I mailed a copy of the above and foregoing to all counsel of record, by depositing same in the U.S. Mail, with proper postage prepaid, this 6th day of February, 2002.

_____

TWS/sel/200-293        02/06/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, TERRY HILLARD, SUPERINTENDENT COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, <br><br> Defendants. | 01 C 7826 <br><br> No. 01 L 008211 <br><br> FILED <br> FEB 0 6 2002 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT <br><br> DOCKETED <br> FEB 1 2 2002 |

## SECOND AMENDED COMPLAINT AT LAW
## COUNT I - SURVIVAL

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendant, CITY OF CHICAGO, states as follows:

1.      That on September 18, 2000 the plaintiff, RONALD TERRY, SR., was lawfully upon the premises located at 4525 South Federal, in the City of Chicago, County of Cook, and State of Illinois.

2.      That the defendant, CITY OF CHICAGO, did employ certain personnel and employees and agents who entered onto the premises at 4525 South Federal with guns.

3. That one or more of the agents of the defendant, CITY OF CHICAGO, did discharge his firearm, striking the body of the plaintiff, RONALD TERRY, SR., with a bullet in his back.

4. That the shooting of the plaintiff, RONALD TERRY, SR., was done without lawful justification.

5. That at all times relevant herein, the CITY OF CHICAGO, acting through its agents and employees, had a duty to maintain a program designed to train, educate and instruct its law enforcement personnel in proper law enforcement procedures and to refrain from acting with conscious disregard for or utter indifference to the safety of others so as not to cause injury or damage to others, including the plaintiff herein.

6. That the defendant, CITY OF CHICAGO, acting through its agents and employees, in direct violation and breach of the aforementioned duty, with such conscious disregard for or utter indifference to the safety of others, were then and there guilty of one or more of all of the following wrongful acts and/or omissions to act when they knew or, in the exercise of ordinary care, should have known, that their conduct posed a high probability of serious physical harm to the plaintiff and to others:

    a. Failed to maintain a program designed to properly train, instruct, and educate its agents and employees in their proper use of firearms;

    b. Allowed untrained and inadequately experienced agents and employees to carry firearms for which they were unqualified and incapable of proper, safe, and efficient use;

    c. Failed to properly and adequately control the actions of its agents and employees who were armed with weapons;

    d. Failed to supply proper and adequate manpower

       to perform certain operations with its agents and employees at the building in question;

e.    Willfully and wantonly improperly entered and attacked persons lawfully upon the premises at the building in question;

f.    Failed to take proper precautions with an un-holstered weapon;

g.    Willfully and wantonly failed to follow proper protocols in conducting a search;

6.    That as a direct and proximate result of one or more or all of the foregoing wrongful acts or omissions to act, the plaintiff sustained severe and permanent personal injuries which have caused him to expend sums of money for medical care and treatment and which have caused him to experience pain, suffering, disability, and disfigurement and deprive him of the opportunity to pursue his normal affairs in life, including his gainful occupation and his right to enjoy an injury-free life until his death.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, demands judgment against the defendant, CITY OF CHICAGO, sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County.

## COUNT II - WRONGFUL DEATH

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendant, CITY OF CHICAGO, states as follows:

1-6.    Plaintiff restates and realleges Paragraphs 1 through 6 of Count I as and for Paragraphs 1 through 6 of this Count II as though fully stated herein.

7.    Plaintiff left surviving the following next-of-kin and heirs-of-law who have

suffered the loss of society due to the death of RONALD TERRY, SR.:

    a)     Ronald Terry, Jr., adult son, date of birth 8/21/80;

    b)     Lavanna Tribble, minor daughter, date of birth 2/25/92;

    c)     Michelle Tribble, minor daughter, date of birth 3/4/93;

    d)     DuWan Tribble, minor son, date of birth 6/18/94; and

    e)     Jemeelah Tribble, minor daughter, date of birth 4/30/95.

8.     That as a direct and proximate result of the negligence of the defendant, the next-of-kin and heirs-at-law of RONALD TERRY, SR. have sustained a pecuniary loss, including economic and non-economic loss of society of RONALD TERRY, SR.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, demands judgment against the defendant, CITY OF CHICAGO, sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County.

## COUNT III - SURVIVAL
## (PURSUANT TO 42 U.S.C. 1983 AND 28 U.S.C. 1343)

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendants, CITY OF CHICAGO, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, states as follows:

1.     This is a civil action seeking damages against defendants for committing

acts, under color of law, which deprived plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to plaintiff. The Court has jurisdiction of this action under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343.

2. Plaintiff, RONALD TERRY, SR., deceased, BETTY TERRY, as well as RONALD TERRY, SR.'s children were all citizens and residents of the City of Chicago, State of Illinois, and the United States of America.

3. Defendant, CITY OF CHICAGO, is a Municipal Corporation, organized under the laws of the State of Illinois.

4. Defendant, TERRY HILLARD, was the Superintendent of Police for the City of Chicago at all times relevant to this Complaint.

5. Defendants, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, were District Commanders for the 2nd District Public Housing Unit #153 of the Police Department of the City of Chicago at all times relevant to this Complaint.

6. Defendants, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, and POLICE OFFICER PATRICK BARKER, were police officers employed by the Police Department, 2nd District of the City of Chicago.

7. Plaintiff sues each and all defendants in both their individual and official capacities.

8. At all times material to this Complaint, the defendants, TERRY HILLARD,

COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, and POLICE OFFICER PATRICK BARKER, acted under color of the statutes, customs, ordinances, and usage of the State of Illinois, the City of Chicago, and the Chicago Police Department.

9. That on September 18, 2000 at approximately 3:50 p.m., the plaintiff was lawfully upon the premises located at 4525 South Federal, in the City of Chicago, County of Cook, and State of Illinois.

10. That the defendants, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, and POLICE OFFICER PATRICK BARKER, entered the building located at 4525 South Federal.

11. That defendants were not possessed of a warrant for the arrest of the plaintiff, RONALD TERRY, on September 18, 2000 when they entered the building.

12. The several police officers, with excessive force and brutality, caused the plaintiff, RONALD TERRY, SR., to lie down onto the floor and placed handcuffs behind his back at which time he was shot when one police officer had his knee in the back of RONALD TERRY, SR. while another police officer said, "Shoot the nigger! Shoot the nigger! Shoot the fucking nigger!"

13. That the attempted detention of plaintiff by defendants RIOS, BIKULCIUS, SINK, FLEMING and BARKER was unjustified and in violation of plaintiff's constitutional rights as they were without reasonable grounds to believe plaintiff had committed an

offense.

14. That defendant RIOS discharged his weapon into RONALD TERRY, SR.'s back causing the plaintiff to suffer severe and permanent personal injuries, which eventually resulted in his death.

15. That the brutalization and subsequent death of plaintiff was one incident of police brutality of four which occurred within the Robert Taylor Homes in an eleven month period:

 A. On October 25, 2000, Brandon Polk, an 18 year old DuSable High School graduate was shot to death in a stairwell at 4525 S. Federal. Polk was proceeding down the stairs and upon seeing the police, began to run up the stairs where he was shot.

 B. Antwan Thomas was shot in the back as he was running from police in a highrise stairwell.

 C. Eugene Guy was shot by police and lay bleeding as witnesses watched an ambulance sent away from the scene by police officers.

16. That the random surveillance, entering and subsequent detention of individuals lawfully on the premises at 4525 South Federal and the other buildings comprising the Robert Taylor Homes, in violation of those individuals' civil rights, is a common and widespread practice engaged in by officers assigned to the 2nd district of the Chicago Police Department and sanctioned, condoned and ratified by the supervisory personnel within the second district as well as the chief of police of the city of Chicago.

17. That the City of Chicago tolerated and ratified the institutionalized police brutality with the 2nd district police station by failing to properly discipline, restrict or control its employees by failing to take adequate precautions in hiring, promotion and discipline

and by failing to institute investigations of alleged police misconduct.

18. That as a result of their concerted and unlawful and malicious physical abuse of the plaintiff, defendants, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, and POLICE OFFICER PATRICK BARKER, deprived the plaintiff of his right to equal justice of the laws and impeded the due course of justice in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C. Sec. 1983.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, demands judgment against the defendants, CITY OF CHICAGO, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, jointly and severally for compensatory damages in an amount in excess of the Fifty Thousand Dollars ($50,000.00) and further demands judgment against each of the defendants jointly and separately for punitive damages in an amount which is deemed to be fair and reasonable, plus the costs of this action, and such other relief as the Court deems just and equitable.

### COUNT IV - SURVIVAL
### Pursuant to § 1985

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendants, CITY OF CHICAGO, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER

JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, states as follows:

1. This is a §1985 action

2. - 8. Plaintiff restates and realleges Paragraphs 2 through 8 of Count IV as and for Paragraphs 2 through 8 of this Count VI as though fully stated herein.

9. The defendants, and each of them, conspired to enter the premises at 4525 S. Federal, without lawful justification, to harass and intimidate those individuals then upon the premises in derogation of their right to equal privileges and immunities under the laws.

10. The building located at 4525 S. Federal is part of the Robert Taylor Homes located in a predominately African-American neighborhood and whose residents are predominantly African-American.

11. The officers did enter the building located at 4525 S. Federal and began a foot chase with several individuals then upon the premises.

12. That the several police officers, with excessive force and brutality, caused the plaintiff, RONALD TERRY, SR., to lie down onto the floor and placed handcuffs behind his back at which time he was shot when one police officer had his knee in the back of RONALD TERRY, SR. while another police officer said, "Shoot the nigger! Shoot the nigger! Shoot the fucking nigger!"

13. That Officer Rios discharged his weapon into the back of plaintiff, thereby causing him to suffer severe injuries ultimately resulting in his death.

14. That on September 18, 2000, it was the policy and custom of the police

officers assigned to the 2nd district of the police department of the City of Chicago to regularly, routinely, and with the knowledge and consent of the supervisors and commanders, enter the premises of the buildings located within the Robert Taylor Homes Community for the purpose of intimidating and harassing the individuals then upon the property in derogation of their right to equal protection of the laws.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, demands judgment against the defendants, CITY OF CHICAGO, POLICE OFFICER MIGUEL RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, jointly and severally for compensatory damages in an amount in excess of the Fifty Thousand Dollars ($50,000.00) and further demands judgment against each of the defendants jointly and separately for punitive damages in an amount which is deemed to be fair and reasonable, plus the costs of this action, and such other relief as the Court deems just and equitable.

## COUNT V - SURVIVAL

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendants, CITY OF CHICAGO, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, states as follows:

1. That at all times relevant to this Complaint, POLICE OFFICER MIGUEL

RIOS, POLICE OFFICER EUGENE BIKULCIUS, POLICE OFFICER JAMES SINK, POLICE OFFICER MICHAEL FLEMING, POLICE OFFICER PATRICK BARKER, were acting under the direction and control of the defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY.

2. Acting under color of law and pursuant to official policy or custom, defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, and CITY OF CHICAGO, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendant police officers in their duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (3) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, and after the making of an arrest, whether the arrest was lawful or unlawful; (4) conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the Constitution and laws of the United States of Illinois; and (5) otherwise depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

3. Defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, and CITY OF CHICAGO, had knowledge or had they diligently exercised their duties to instruct,

supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, and CITY OF CHICAGO, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

4. Defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, and CITY OF CHICAGO, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

5. As a direct and proximate cause of the negligence and intentional acts of the defendants, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, COMMANDER MARIENNE PERRY, and CITY OF CHICAGO, as set forth in paragraphs 2-4 above, plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. Sec. 1983.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, demands judgment against the defendants, CITY OF CHICAGO, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING,

COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, jointly and severally for punitive damages in an amount in excess of the Fifty Thousand Dollars ($50,000.00) and further demands judgment against each of the defendants jointly and separately for punitive damages in an amount which is deemed to be fair and reasonable, plus the costs of this action, and such other relief as the Court deems just and equitable.

## COUNT VI - WRONGFUL DEATH

Now comes the plaintiff, BETTY TERRY, Special Administrator of the Estate of RONALD TERRY, SR., deceased, by and through her attorneys, JOSEPH R. CURCIO, LTD., and for her complaint against the defendants, CITY OF CHICAGO, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, states as follows:

1-6. Plaintiff restates and realleges Paragraphs 1 through 6 of Count I as and for Paragraphs 1 through 6 of this Count VI as though fully stated herein.

7. Plaintiff left surviving the following next-of-kin and heirs-of-law who have suffered the loss of society due to the death of RONALD TERRY, SR.:

   a) Ronald Terry, Jr., adult son, date of birth 8/21/80;

   b) Lavanna Tribble, minor daughter, date of birth 2/25/92;

   c) Michelle Tribble, minor daughter, date of birth 3/4/93;

   d) DuWan Tribble, minor son, date of birth 6/18/94; and

   e) Jemeelah Tribble, minor daughter, date of birth 4/30/95.

8. That as a direct and proximate result of the violations aforesaid, the next-of-kin has sustained pecuniary loss.

WHEREFORE, the plaintiff, BETTY TERRY, Special Administrator of the Estate of

RONALD TERRY, SR., deceased, demands judgment against the defendant, CITY OF CHICAGO, TERRY HILLARD, SUPERINTENDENT, COMMANDER JAMES DARLING, COMMANDER ERNEST BROWN, and COMMANDER MARIENNE PERRY, sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County.

                    JOSEPH R. CURCIO, LTD.
                    Attorneys for Plaintiff

By: _____
                    Joseph R. Curcio

161 North Clark Street
Suite 2550
Chicago, Illinois 60601
(312) 321-1111
Attorney Number: 02485