IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
FEB 0 4 2004

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

DOCKETED
FEB - 6 2004

BETTY TERRY, Special Administrator )
of the Estate of RONALD TERRY, SR., )
deceased, )
        Plaintiff, )
) No. 01 C 7826
vs. )
)
CITY OF CHICAGO, a municipal corporation, ) JUDGE PALLMEYER
POLICE OFFICER MIGUEL RIOS, and )
POLICE OFFICER EUGENE BIKULCIUS, )
)
        Defendants. )

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Betty Terry, Special Administrator of the Estate of Ronald Terry, Sr., deceased, by one of her attorneys, Thomas W. Stewart, and defendants, City of Chicago, Miguel Rios and Eugene Bikulcius, by their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, herein stipulate and agree to the following:

1.    This action has been brought by plaintiff, Betty Terry, Special Administrator of the Estate of Ronald Terry, Sr., deceased, against defendants, City of Chicago, Miguel Rios and Eugene Bikulcius, and makes certain allegations contained in plaintiff's second amended complaint.

2.    Defendants deny each and every allegation of wrongdoing as stated in plaintiff's second amended complaint, and, further, deny liability.

3.    Plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys represent and warrant that plaintiff, Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, shall distribute the proceeds of the

settlement herein, as provided by law, pursuant to 740 ILCS 180/1 et seq. (2002), and any other applicable provisions. Plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys further represent and warrant that they will take any and all necessary steps and will follow such rules of procedure as may be required by the Circuit Court of Cook County, Illinois, with respect to the administration of the decedent's estate and the distribution of the proceeds of the settlement, including, but not limited to, the procurement of any approvals, findings or orders of the Probate Division of the Circuit Court of Cook County, Illinois.

4. Plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys represent and warrant that the next of kin left surviving Ronald Terry, Sr., are his five children: Ronald Terry, Jr.; Lavanna Tribble; Michelle Tribble; Dewan Tribble; and Jamellah Tribble. Plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys further represent and warrant that Ronald Terry, Sr., deceased, had no other children, biological, adopted or otherwise, and that he was not married at the time of his death. As of the date of this Release and Settlement Agreement, Ronald Terry, Jr. was an adult, and Lavanna Tribble, Michelle Tribble, Dewan Tribble and Jamellah Tribble were minors.

5. Ronald Terry, Jr. is over the age of 18 years and is the adult son of Ronald Terry, Sr., deceased. Plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys represent and warrant that Ronald Terry, Jr. is competent to make his own decisions, that he has had the benefit of the advice of the plaintiff's attorneys, and that he has voluntarily accepted and relied upon said advice. Plaintiff Betty Terry, as Special

Administrator of the Estate of Ronald Terry, Sr., deceased, and her attorneys further represent and warrant that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to Ronald Terry, Jr. by plaintiff's attorneys, that those terms are fully understood and voluntarily accepted by Ronald Terry, Jr., and that he consents to the entry of an order approving the settlement.

6. With respect to Lavanna Tribble, Michelle Tribble, Dewan Tribble and Jamellah Tribble, the minor children of Ronald Terry, Sr., deceased (hereinafter "minor children"), Betty Terry, who is the grandmother of the minor children, agrees to be appointed guardian to represent and protect the interests of the minor children for purposes of effectuating the settlement and release of the minor children's claims and this lawsuit. Defendants have no objection to Betty Terry being appointed guardian to represent minors Lavanna Tribble, Michelle Tribble, Dewan Tribble and Jamellah Tribble in the settlement of this case and the release of any claims which the minor children have or may have arising either directly or indirectly from the incident which forms the basis of this litigation, so long as the court finds she is competent and an appropriate guardian to represent the best interests of the minor children for purposes of effectuating the settlement and the release of the minor children's claims and this lawsuit.

7. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid

the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and her attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

8. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, Ronald Terry, Jr., and Betty Terry as guardian of minors Lavanna Tribble, Michelle Tribble, Dewan Tribble and Jamellah Tribble, agree to dismiss with prejudice all of their claims against defendants, City of Chicago, Miguel Rios and Eugene Bikulcius, with each side bearing its own costs and attorneys' fees.

9. Plaintiff, Betty Terry, Special Administrator of the Estate of Ronald Terry, Sr., deceased, accepts a settlement from defendant, City of Chicago, in the total amount of THIRTY THOUSAND AND NO/100 ($30,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

10. The City of Chicago agrees to pay plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiff and/or her attorneys agree that they will not seek payment from any source other than the

City of Chicago. The settlement check will be made payable to plaintiff, her attorneys, and lien claimants, if any, of which the City has notice.

11. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, Miguel Rios and Eugene Bikulcius, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

12. In consideration of the settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff Betty Terry, as Special Administrator of the Estate of Ronald Terry, Sr., deceased, Ronald Terry, Jr., and Betty Terry as guardian of minors Lavanna Tribble, Michelle Tribble, Dewan Tribble and Jamellah Tribble, understand and agree that they hereby release and forever discharge on behalf of themselves and their heirs, executors, administrators and assigns, all claims they or the minor children had or have against the individual defendants, Miguel Rios and Eugene Bikulcius, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims they or the minor children had, have, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

13. This Release and Settlement Agreement and any documents that may be executed under paragraph 16 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

14. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

15. In entering into this Release and Settlement Agreement, plaintiff represents that she has relied upon the advice of her attorneys, who are the attorneys of her own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to her by her attorneys, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that she and her attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

16. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

*[Signature: Betty Terry Ronald Terry]*

BETTY TERRY, Plaintiff
as Special Administrator of the Estate
of Ronald Terry, Sr., deceased, and as
guardian of Lavanna Tribble, Michelle
Tribble, Dewan Tribble and Jamellah
Tribble, minors

Address: *4319 So. Michigan Ave.*
*Chicago, Il. 60609*

Date of birth: *02-03-1940*
*SSN: ~~———~~

DATE: *01-15-04*

*[Signature: Ronald Terry]*

RONALD TERRY, JR.

Address: *4319 S. Michigan Ave.*
*Chicago, IL 60609*

Date of birth: *8-21-80*
*SSN: _____

DATE: *1-30-04*

*[Signature: Thomas W. Stewart]*

THOMAS W. STEWART
Joseph R. Curcio, Ltd.
Attorneys for Plaintiff
161 North Clark Street - Suite 2550
Chicago, Illinois 60601
(312) 321-1111
Attorney No. 02485

DATE: *1-28-04*

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel

BY: *[Signature]*
JOSEPH M. POLICK
Assistant Corporation Counsel
Attorney for Defendants City of
Chicago, Miguel Rios and Eugene
Bikulcius
30 North LaSalle Street - Suite 1400
Chicago, Illinois 60602
(312) 742-0029
Attorney No. 06203682

DATE: *2-4-04*

* Providing SSN is voluntary

7